Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order.

United States Courts
Southern District of Texas
FILED

JUN - 2 2010

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO. H09-275S |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | UNSEALED |
| | § | PER ARREST |
| | § | JUL 0 1 2010 |
| IGNACIO RAMIREZ-NATIVIDAD | § | |
| JAMES FRANCIS DOUGHERTY | § | |
| JAMIE CHAVEZ | § | |
| PAUL REYNOLDS | § | |

## FIRST SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE
#### [21 U.S.C. 846 - Conspiracy to Possess With Intent to Distribute a Controlled Substance]

From on or about July 1, 2008, and continuing thereafter up to and including the date of this

indictment, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court,

the defendants,

**IGNACIO RAMIREZ-NATIVIDAD**
**JAMES FRANCIS DOUGHERTY**
**JAMIE CHAVEZ**
**and**
**PAUL REYNOLDS**

did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with others

known and unknown to the Grand Jury, to commit an offense defined in Title 21, United States Code, § 841, namely, to possess with intent to distribute a controlled substance. The overall scope of the conspiracy involved one thousand (1000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

[All in violation of Title 21, United States Code, §§§ 841(a)(1), 841(b)(1)(A)(vii) and 846.].

## COUNT TWO
### *[21 U.S.C. 841- Possession With Intent to Distribute]*

From on or about January 1, 2009 and continuing until on or about January 31, 2009, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,

did knowingly, and intentionally, aid, abet and assist each other to possess with intent to distribute a controlled substance. This violation involved one thousand (1000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

[All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(A)(vii) and Title 18, United States Code, § 2.]

## COUNT THREE
### *[21 U.S.C. 841- Possession With Intent to Distribute]*

From on or about April 18, 2009 until April 30, 2009, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,

**and**

2

did knowingly, and intentionally, aid, abet and assist each other to possess with intent to distribute a controlled substance. This violation involved one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

[All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(vii) and Title 18, United States Code, § 2.]

## **COUNT FOUR**
### *[21 U.S.C. 841- Possession With Intent to Distribute]*

From on or about April 27, 2009 until April 30, 2009, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,

did knowingly, and intentionally, aid, abet and assist each other to possess with intent to distribute a controlled substance. This violation involved one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

[All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(vii) and Title 18, United States Code, § 2.]

3

## COUNT FIVE
### *[21 U.S.C. 841- Possession With Intent to Distribute]*

From on or about September 3, 2009 and continuing until on or about September 18, 2009, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,

### IGNACIO RAMIREZ-NATIVIDAD

did knowingly, and intentionally, aid, abet and assist each other to possess with intent to distribute a controlled substance. This violation involved one thousand (1000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

[All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(A)(vii) and Title 18, United States Code, § 2.]

## COUNT SIX
### *[21 U.S.C. 841- Possession With Intent to Distribute]*

From on or about October 1, 2009 and continuing until on or about October 10, 2009, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,

did knowingly, and intentionally, aid, abet and assist each other to possess with intent to distribute a controlled substance. This violation involved one thousand (1000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

[All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(A)(vii) and Title 18, United States Code, § 2.]

4

## COUNT SEVEN
### *[21 U.S.C. 841- Possession With Intent to Distribute]*

From on or about November1, 2009 and continuing until on or about November 6, 2009, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,

**JAMES FRANCIS DOUGHERTY**
**JAMIE CHAVEZ**
**and**
**PAUL REYNOLDS**

did knowingly, and intentionally, aid, abet and assist each other to possess with intent to distribute a controlled substance. This violation involved one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance. [All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(vii) and Title 18, United States Code, § 2.]

## COUNT EIGHT
## CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS
### [18 U.S.C. 1956 - Conspiracy to Launder Monetary Instruments]

From on or about September 8, 2009, and continuously thereafter, up to and including the date of the indictment, in the Southern District of Texas, and elsewhere, and within the jurisdiction of this Court,

**and**

defendants herein, did knowingly and intentionally agree, combine, conspire and confederate with

each other and others known and unknown to the Grand Jury, to commit the following offenses against the United States in violation of Title 18, United States Code, Section 1956(h), to wit:

1. To knowingly conduct and cause to be conducted a financial transaction, that is, the transfer of United States currency which represents the proceeds of a specified unlawful activity, namely, violations of Title 21, United States Code, Sections 841 and 846, with the intent to promote the carrying on of said specified unlawful activity and knowing the funds represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Section 1956(a)(1)(A).

2. To knowingly conduct and cause to be conducted a financial transaction, that is, the transfer of United States currency which represents the proceeds of a specified unlawful activity, namely, violations of Title 21, United States Code, Sections 841 and 846, knowing that the transaction in whole or in part was designed to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, knowing the funds represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Section 1956(a)(1)(B).

## Manner and Means of The Conspiracy

1. It was part of the conspiracy that one or more of the conspirators would request or direct one or more other members of the conspiracy to travel to locations to collect or acquire possession of narcotics proceeds from individuals to whom narcotics shipments had previously been delivered.

2. It was further part of the conspiracy that following the collection or acquisition of the narcotics proceeds, one or more of the conspirators would request or direct one or more

members of the conspiracy to transport the narcotics proceeds to other individuals for subsequent disposition and transfer.

3.  It was further a part of the conspiracy that one or more members of the conspiracy would transfer currency into bank accounts for disposing of the narcotics proceeds to the care of others.

4.  It was further part of the conspiracy that one or more of the conspirators would lease, or direct one or more members of the conspiracy to lease, vehicles to be used to transport narcotics and narcotics proceeds to and from places, destinations, and locations within and outside the United States.

All in violation of Title 18, United States Code, Section 1956 (a)(1)(A) and 1956 (h).

## COUNT NINE
### *[21 U.S.C. 841- Possession With Intent to Distribute]*

From on or about November 16, 2009 and continuing until on or about December 8, 2009, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,

did knowingly, and intentionally, aid, abet and assist each other to possess with intent to distribute a controlled substance. This violation involved one thousand (1000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

[All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(A)(vii) and Title 18, United States Code, § 2.]

## NOTICE OF CRIMINAL FORFEITURE
### [21 U.S.C. 853 - Criminal Forfeiture]

Under Title 21, United States Code, § 853, as a result of the commission of the violations of

Title 21, United States Code, §§ 841 and 846, notice is given that defendants,

**F**

### IGNACIO RAMIREZ-NATIVIDAD (Counts 1 and 5)
### JAMES FRANCIS DOUGHERTY (Counts 1 and 7)
### JAMIE CHAVEZ (Counts 1 and 7)
### and
### PAUL REYNOLDS (Counts 1 and 7)

shall forfeit to the United States of America any property constituting or derived from any proceeds

obtained, directly or indirectly, as a result of such violations alleged in Counts One (1) through Ten

of this Indictment, and any property used or intended to be used, in any manner or part, to commit

or to facilitate the commission of such violations.  If, as a result of any act(s) or omission(s) of any

or all of the above-listed Defendants, the property subject to forfeiture cannot be located upon the

exercise of due diligence, has been placed beyond the jurisdiction of the Court, has been transferred,

sold to, or deposited with a third party, has been substantially diminished in value, or has been

commingled with other property which cannot be divided without difficulty; it is the intent of the

United States of America to seek forfeiture of any other property of the Defendants up to the

8

value of such property, under Title 21, United States Code, § 853(p).

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE

_____

FOREPERSON OF THE GRAND JURY

JOSE ANGEL MORENO,
Acting United States Attorney

By: _____

Eric D. Smith
Assistant United States Attorney

9